**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 21, 2013[*]
Decided February 22, 2013

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

Nos. 12-1485, 12-1490

| | |
|---|---|
| DEMETRIUS HEMPHILL, | Appeals from the United States District |
| *Plaintiff–Appellant,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | Nos. 08 C 157, 08 C 902 |
| THOMAS SKINNER, et al., | |
| *Defendants–Appellees.* | Gary S. Feinerman, |
| | *Judge.* |

**O R D E R**

Demetrius Hemphill, an Illinois state prisoner, appeals a jury verdict for several prison officers in his action under 42 U.S.C. § 1983 for excessive force. We affirm.

Hemphill alleged that on two different occasions, guards at his prison assaulted him without provocation, seriously injuring him. The guards answered that they had acted reasonably in both situations and moved for summary judgment, asserting defenses of

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

qualified immunity and Hemphill's failure to exhaust administrative remedies. The district court rejected these defenses and denied the motion, allowing the case to proceed to trial.

At a pretrial hearing, Hemphill challenged the admissibility of two pieces of evidence: a disciplinary report filed against Hemphill for fighting guards and concealing a razor blade in his mouth, and a later video that captured him destroying the furniture in his cell to protest his transfer to a more restrictive unit. The court admitted the disciplinary report to impeach Hemphill's testimony that the inside of his lip was injured from a guard's punch, and as evidence of his plan to arm himself before engaging the guards. *See* FED. R. EVID. 404(b)(2). The court separately admitted the video to impeach Hemphill's story that the furniture was destroyed accidentally during a fight between the guards and him. *See id.*

During the trial the parties recounted different versions of the two altercations between Hemphill and the guards. Regarding the first incident, Hemphill testified that a guard attacked him after he requested his dinner tray, knocking out his front teeth. Hemphill said he fought back but was restrained by other guards who continued the attack and then flushed his teeth down a toilet. The guard accused of the initial attack testified to hitting Hemphill but said that he did so in self-defense after Hemphill threw a cup containing unknown liquid in his face and grabbed him. The guards also introduced the report about the razor blade found in Hemphill's mouth when he was taken for medical treatment.

In the second incident, Hemphill testified that different guards attacked him when he asked why he was being moved to a new cell. In the fracas, he said, the guards damaged the furniture in his cell. The guards testified that they handcuffed Hemphill but otherwise used no force to control him when he became agitated upon being transferred. A video was shown of Hemphill destroying the furniture in his cell outside the presence of any guard.

The jury returned a verdict in favor of the guards. Hemphill moved for a new trial, FED. R. CIV. P. 59(a), arguing that the disciplinary report about the razor blade should have been excluded because it was irrelevant and impermissible character evidence, *see* FED. R. EVID. 404(b)(1), the video should have been excluded because it was irrelevant and prejudicial, a 2007 U.S. Department of Justice report about conditions at his jail should have been allowed into evidence (though he did not signify its relevance), and an allegedly biased juror should have been removed. The judge denied the motion.

On appeal Hemphill first challenges the admission of the disciplinary report about the razor blade, arguing that the report is irrelevant to the reasonableness of the guard's use of force (since the guard did not know about the razor blade before assaulting him). But

Hemphill misapprehends the relevance of the report; the defendants used the report to impeach his testimony that the injuries to his mouth were caused solely by the guard who punched him, and it corroborated his plan to attack the guards or his preparation and motivation for the attack. *See* FED. R. EVID. 404(b)(2); *United States v. Bogan*, 267 F.3d 614, 620–21 (7th Cir. 2001) (intoxicants seized from inmate's cell admissible as evidence of motivation for attack on guard); *United States v. Thompson*, 807 F.2d 585, 589 (7th Cir. 1986) (knife recovered from prisoner's cell admissible as evidence of preparation and opportunity for attack on prison officer).

Hemphill next argues that the court should have excluded the video of him destroying his furniture because it is irrelevant and was used impermissibly to attack his character by suggesting his propensity for violence. *See* FED. R. EVID. 404(b)(1). The court did not abuse its discretion here either because it admitted the video as impeaching Hemphill's testimony that the damage to his furniture occurred incidentally or accidentally during the alleged attack by the guards. *See* FED. R. EVID. 404(b)(2) (permitting evidence that shows lack of accident); *United States v. Bell*, 624 F.3d 803, 810–11 (7th Cir. 2010); *Molnar v. Booth*, 229 F.3d 593, 603–04 (7th Cir. 2000).

Hemphill's remaining arguments—regarding an allegedly biased juror, the exclusion of evidence, and his motion for a new trial—are undeveloped and warrant no further discussion. *See* FED. R. APP. P. 28(a); *Pearle Vision, Inv. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008); *Anderson v. Hardman*, 241 F.3d 544, 545–46 (7th Cir. 2001).

AFFIRMED.